Dana R. EMERY, Plaintiff—Appellant,

v.

Robert BAYER, et al., Defendants—
Appellees.

No. 02–16927.

D.C. No. CV–02–00694–JCM/LRL.

United States Court of Appeals,
Ninth Circuit.

Submitted April 30, 2003.*

Decided June 27, 2003.

Before SKOPIL, FERGUSON, and
BOOCHEVER, Circuit Judges.

### MEMORANDUM**

Dana R. Emery appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Emery claims that prison officials violated his civil rights when they failed properly to respond to his requests for treatment for his dental problems while he was an inmate. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

Emery did not exhaust his administrative remedies. He filed requests for medical attention but did not file grievances when those requests were denied. Prisoners are required to exhaust administrative remedies before bringing any action under § 1983, even when the remedy, such as money damages, is not available in prison grievance procedures. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); 42 U.S.C.

§ 1997(e)(a). This "exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The defendants properly raised this defense in a motion under Federal Rule of Civil Procedure 12(b) rather than as a motion for summary judgment, *see Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), *petition for cert. filed*, 71 U.S.L.W. 3668 (U.S. April 1, 2003) (No. 02–1486), and the district court properly granted the motion to dismiss.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

